UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **MARC DUBE,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) **Case No.** |
| **YORK HOSPITAL,** | ) ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Marc Dube, by and through undersigned counsel, hereby complains against Defendant York Hospital as follows:

**INTRODUCTION**

1. This is an action for violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA"), the Maine Human Rights Act, 5 M.R.S. § 4571 *et seq*. ("MHRA"), and the Maine Whistleblower Protection Act, 26 MRSA§831 *et seq*. ("MWPA").

2. This case challenges Defendant's: (1) age discrimination against Plaintiff in violation of ADEA and MHRA; and (2) retaliation against Plaintiff for, acting in good faith, reporting to York Hospital a condition or practice that would put at risk the health or safety of that employee or any other individual..

**THE PARTIES**

1

3. Plaintiff Marc Dube ("Dube") is an individual residing in the City of Biddeford, County of York, and State of Maine.

4. Defendant York Hospital ("York") is a hospital operating in York, Maine, with offices throughout Southern Maine and New Hampshire.

5. From June 1999 to June 2023, York Hospital employed Dube in various laboratory roles.

6. York Hospital has employed more than 500 employees for each of 20 or more calendar weeks for the past two years, with employees located nationwide.

## JURISDICTION AND VENUE

7. Prior to filing this Complaint, Dube filed a charge of discrimination with the Maine Human Rights Commission received a notice of right to sue letter pursuant to 5 M.R.S.A. § 4612, sub-§6 and 4622, sub-§1, ¶ C on or about December 4, 2025.

8. Venue is proper in this Court because all of the discriminatory practices alleged herein occurred in the County of York and State of Maine.

9. The Court has federal question subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

## FACTS

10. Dube began working for York Hospital on June 28, 1999, as a Laboratory Technician.

11. Throughout his 24-year career with York Hospital Dube was promoted, and most recently Dube was employed as the Director of the Laboratory.

12. As part of his duties as the Director of the Laboratory Dube oversaw operations for the labs in the walk-in clinics, hospital, respiratory department, oncology sites, and medical practices.

13. Dube believes he performed his job duties satisfactorily.

14. Prior to the onset of the Pandemic in 2020, Dube instituted a new procedure within the Practices called Train the Trainer.

15. The purpose of this initiative was to ensure that regardless of practice staff turnover, new hires were appropriately trained on laboratory procedures and policies. This was a collaboration with the Education Department, the Practice QA Nurse, and the Laboratory in accordance with Practice leadership's request.

16. The Pandemic brought on many complications for the laboratory including increased need for laboratory services as well as increased staff turnover.

17. When Dube became the Laboratory Director in 2018, he continued working as the Point of Care and Community Site Coordinator while also performing the Laboratory Director duties.

18. Around the end of 2022 or beginning of 2023, Dube began reporting to the newly hired Chief Operating Officer, Kimberly Metcalf.

19. Soon after Dube began reporting to Metcalf, he felt that she did not respect him. She often interrupted Dube and spoke over him. At times she outright questioned Dube's competency. Dube reported to the CEO, Dr. Patrick Taylor, that he was having a difficult time communicating with Metcalf, but Taylor was dismissive.

20. In 2022, Dube hired Devin Spinelli as the new Point of Care Coordinator. During her onboarding and training, the two visited hospital labs, walk-in labs and Oncology laboratories. Later in her position, she was asked to visit the Practice labs with Tracy Colburn, the Practice Quality Assurance nurse.

21. During these visits on June 21, 2023, it became apparent to Devin that the practice personnel, nurses, and medical assistants were not following Quality Control processes for the POC tests.

22. In hearing this, Dube immediately notified the Leader of the practices, Rich Perotti, by email, stating that testing in the offices needed to shut down immediately until brought back to expected levels of quality.

23. Rich, objected and brought in Kim Metcalf in the emails for her support. But Dube insisted that it must be shut down until the proper processes were being followed.

24. A plan was immediately formulated to visit all practice sites to begin retraining the next day by both Devin, the POC Specialist, and Dube.

25. Dube learned that his employment was terminated the following day on June 22, 2023, by Kimberly Metcalf.

26. Dube was 57 years old when he was terminated.

27. Dube believes he was discriminated against based on his age in violation of the Maine Human Rights Act ("MHRA") and the Age Discrimination in Employment Act ("ADEA").

28. Dube also believes he was retaliated against in violation of the Maine Whistleblower Protection Act ("MWPA") for reporting safety concerns and regulatory concerns when he insisted that lab testing be shut down at the medical practices.

## COUNT I – AGE DISCRIMINATION IN VIOLATION OF THE ADEA
**(29 U.S.C. § 621 *et seq.*)**

29. Plaintiff repeats the allegations contained in Paragraphs 1 through 28 as if fully stated herein.

30. Dube was of the protected class, over the age of 39, at the time of his termination.

31. The ADEA makes it illegal for an employer to discriminate against an employee because of age.

32. Defendant's action described above amount to age discrimination in violation of the ADEA.

33. As a result of Defendant's age discrimination and willful violation of the ADEA, Dube has suffered and is entitled to damages, including but not limited to: lost wages and benefits, front pay, compensatory damages including emotional pain and suffering and lost enjoyment of life, attorney's fees, costs and expenses.

WHEREFORE, Plaintiff Marc Dube requests that the Court award him damages for Defendant's violation(s) of the ADEA, in the form of lost back pay, front pay, compensatory damages, liquidated damages, punitive damages, attorney's fees, costs and expenses, equitable and injunctive relief, and all other relief afforded to him by law.

## COUNT II – VIOLATION OF THE MAINE HUMAN RIGHTS ACT

**(5 M.R.S. § 4571 *et seq*.)**

34. Plaintiff repeats the allegations contained in Paragraphs 1 through 33 as if fully stated herein.

35. For the reasons set forth in Count I above, unlawful discrimination against Plaintiff has taken place within the meaning of the Maine Human Rights Act.

WHEREFORE, Plaintiff Marc Dube requests that the Court award him damages for Defendant's violation of the Maine Human Rights Act, in the form of lost back pay, front pay, compensatory damages, liquidated damages, punitive damages, attorney's fees, costs and expenses, equitable and injunctive relief, and all other relief afforded to him by law.

## COUNT III
**(26 M.R.S. § 831 et seq.)**
**Whistleblower Retaliation**

36. Plaintiff repeats the allegations contained in Paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37. Dube engaged in protected activity within the meaning of the Maine Whistleblower Protection Act by insisting that lab testing temporarily cease at York Hospital offices due to failure to follow proper protocols.

38. Dube followed the chain of command at work to report the issue.

39. Dube engaged in the aforementioned protected activity in good faith.

40. York Hospital took adverse action against Dube because of his protected whistleblower activity.

41. The aforementioned instance of protected conduct bears a causal relationship to the adverse employment action(s) alleged herein.

42. As a result of the York Hospital's whistleblower retaliation, Dube has suffered and is entitled to damages, including but not limited to: lost wages and benefits, front pay, compensatory damages including emotional pain and suffering and lost enjoyment of life, civil penal damages, attorney's fees, costs and expenses.

WHEREFORE, Plaintiff Marc Dube requests that the Court award him damages in the form of lost back pay, front pay, compensatory damages, civil penal damages, punitive or liquidated damages, attorney's fees, costs and expenses, equitable and injunctive relief, and all other relief afforded to him by law.

## JURY TRIAL DEMAND

Plaintiff Marc Dube hereby demands a jury trial on all matters so triable under the laws and Constitution of the United States and the State of Maine.

Dated: March 2, 2026         /s/ Laura H. White

                             _____
                             Laura H. White, Bar No. 4025
                             *Attorney for Plaintiff*
                             WHITE & QUINLAN, LLC
                             62 Portland Rd., Suite 21
                             Kennebunk, ME 04043
                             (207) 502-7484
                             lwhite@whiteandquinlan.com


                             /s/ *Danielle Quinlan*

                             _____

                                        Danielle Quinlan, Bar No. 5480
*Attorney for Plaintiff*
WHITE & QUINLAN, LLC
62 Portland Rd., Suite 21
Kennebunk, ME 04043
(207) 502-7484
[dquinlan@whiteandquinlan.com](mailto:dquinlan@whiteandquinlan.com)