**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

Marc Dube

v.                                                        No. 2:26-cv-107-LEW

York Hospital

**Defendant York Hospital's Motion for Judgment on the Pleadings**

Defendant York Hospital moves for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure on Count 1 and Count 2.

Dube, a former York Hospital employee, claims that York Hospital discharged him because of his age in violation of the ADEA (Count 1) and Maine Human Rights Act (Count 2). But his alleges no facts suggesting that York Hospital harbored any discriminatory animus based on age. Instead, the complaint alleges his age and asserts an age discrimination claim. This approach fails to state a plausible claim for relief, and the Court should enter judgment on the pleadings on Counts 1 and 2. Fed. R. Civ. P. 12(c)

**Factual Allegations**

Plaintiff alleges the following in his complaint. Around the end of 2022 or beginning of 2023, York Hospital hired a new Chief Operating Officer, Kimberly Metcalf. (Compl. ¶ 18.) At that time, Dube was working as the Laboratory Director. (Compl. ¶¶ 17-18.) Soon after Dube began reporting to Metcalf, he felt she did not respect him—she would interrupt him, speak over him, and question his competency. (Compl. ¶ 19.) Dube reported to the hospital's CEO that he was having difficulty with Metcalf, but the CEO was dismissive. (Compl. ¶ 19.)

In June 2023, Dube became aware that medical assistants were not following quality control processes for point-of-care tests. (Compl. ¶ 21.) Dube notified the practice leader, Rich

1

Perrotti, that the testing in the offices needed to be shut down immediately until brought back to expected levels of quality. (Compl. ¶ 22.) Perrotti objected and brought in Metcalf for support, but Dube insisted that testing must be shut down until proper processes were being followed. (Compl. ¶ 23.) A plan was immediately formulated to visit all practice sites to begin retraining the next day by Dube and the Point-of-Care Coordinator, Devin Spielli. (Compl. ¶ 20, 24.) The next day, Dube learned that Metcalf terminated his employment. (Compl. ¶ 25.) Dube was 57-years old at the time (Compl. ¶ 26.)

## Standard of Review

A Rule 12(c) motion for judgment on the pleadings is treated "much in the same way" as Rule 12(b)(6) motion to dismiss. *Kando v. R.I. State Bd. of Elections*, 880 F.3d 53, 58 (1st Cir. 2018) "To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Guadalupe-Báez v. Pesquera*, 819 F.3d 509, 514 (1st Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (cleaned up). "The plausibility standard invites a two-step pavane." *A.G. v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013).

First, the Court "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Id.* (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). Merely reciting the elements of a cause of action is insufficient, even when a plaintiff "attempt[s] to camouflage conclusory statements as allegations of fact." *Id.* at 81. As the First Circuit directs, "[w]hen allegations, though disguised as factual, are so threadbare that they omit any meaningful factual content, we will treat them as what they are: naked conclusions." *Id.* at 81; *see also Artuso v. Vertex Pharm.,*

2

*Inc.*, 637 F.3d 1, 9 (1st Cir. 2011) ("While an allegation of 'bad faith' is in a sense a factual allegation, it is so subjective that it fails to cross 'the line between the conclusory and the factual.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Second, having stripped the complaint of its legal conclusions, the Court "must determine whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *Elsevier, Inc.*, 732 F.3d at 80 (quoting *Morales-Cruz*, 676 F.3d at 224. "The allegations cannot be 'too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture.'" *Parker v. Landry*, 935 F.3d 9, 14 (1st Cir. 2019) (quoting *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc)).

### Argument

I.      **Count 1 and Count 2 should be dismissed for failing to state a plausible claim for relief.**

The ADEA and MHRA prohibit discharging an individual because of such individual's age. 29 U.S.C. § 623(a)(1); 5 M.R.S. § 4572(a)(1).[1] "Maine courts apply the MHRA in accordance with federal anti-discrimination law, including the ADEA." *Boyajian v. Starbucks Corp.*, 587 F. Supp. 2d 295, 303 (D. Me. 2008) (citing *Forrest v. Brinker Intern. Payroll Co., LP*, 511 F.3d 225, 228 n.1 (1st Cir. 2007) and *Thorndike v. Kmart Corp.*, 35 F. Supp. 2d 30, 32 (D. Me. 1999)). An ADEA plaintiff must establish "that age was the 'but-for' cause of the employer's adverse action.'" *Acevedo-Parrilla v. Novartis Ex-Lax, Inc.*, 696 F.3d 128, 138 (1st Cir. 2012) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009).

---

[1]     The ADEA is limited to individuals who are at least 40 years of age, 29 U.S.C. § 631(a), whereas the MHRA is age neutral. This distinction is immaterial to this motion, however, because Dube alleges that he was at least 40 years of age.

Courts in the First Circuit "routinely dismiss" age discriminations that allege a plaintiff's age and little else, as Dube does here. *Santeufemio v. Advanced Programs, Inc.*, 2026 U.S. Dist. LEXIS 6914, *29 (D.N.H. Jan. 14, 2026). The plaintiff in *Santeufemio*, for example, was 20 years older than Dube and enjoyed annual pay raises and positive employment reviews over 17 years with the company. *Id.* at **4–7. But still, her age discrimination claim was dismissed because she failed to allege any facts plausibly suggesting causation. *Id.* at **24–25. Other courts, including this Court, have reached the same result when a plaintiff alleges only that the employer terminated him because of age and pleads no supporting facts. *See, e.g.*, *Lewis v. T-Mobile USA, Inc.*, No. 1:21-cv-00224-GZS, 2021 U.S. Dist. LX 247386, at *5 (D. Me. Dec. 29, 2021) (dismissing an age discrimination claim where the only supporting allegations are the plaintiff's age and the defendant's failure to identify the criteria to eliminate positions), *adopted by* 2022 U.S. Dist. LEXIS 26064 (D. Me. Feb. 14, 2022); *Merrick v. Franey Med. Lab, Inc.*, 2019 U.S. Dist. LX 159454, at *7 (D. Mass. Sep. 19, 2019) (dismissing an age discrimination claim in which "Plaintiff offers no facts that suggest that Defendants took action against her because of discriminatory animus based on … age." (internal quotations omitted)); *Lustgarten v. Lowe's Home Ctrs., LLC*, 2015 U.S. Dist. LX 156482, at **6-8 (D. Me. Nov. 19, 2015) (dismissing age discrimination claims where a plaintiff failed to allege any facts suggesting a discriminatory motive).

This case is no different. Dube's conclusory allegations that York Hospital discriminated against him are legal conclusions that must be disregarded. *See Elsevier, Inc.*, 732 F.3d at 80–81. The allegation stating that Dube was 57 years old stands as an outlier in a series of unrelated allegations about the point-of-care testing issue and Dube's termination after his alleged

4

insistence of shutting down testing pending remedial action. Much like the plaintiffs in the cases above, Dube has failed to state a plausible claim that his discharge was motivated by discriminatory animus based on age.

## Conclusion

York Hospital respectfully requests that the Court enter judgment on the pleadings on Count 1 and Count 2.

Dated:  June 1, 2026

/s/ Tyler J. Smith
Tyler J. Smith (Bar No. 4526)
*Attorney for Defendant*
Libby O'Brien Kingsley & Champion, LLC
62 Portland Road, Suite 17
Kennebunk, ME  04043
(207) 985-1815
tsmith@lokllc.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, I electronically filed the above document with the Clerk of Court using the CM/ECF system which caused a copy of this document to be served electronically on all registered parties and counsel of record.

Dated:  June 1, 2026

/s/ Tyler J. Smith
Tyler J. Smith, Esq. (Bar No. 4526)
*Attorney for Defendant*
Libby O'Brien Kingsley & Champion, LLC
62 Portland Road, Suite 17
Kennebunk, ME  04043
(207) 985-1815
tsmith@lokllc.com